# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-30178

United States Court of Appeals
Fifth Circuit

**FILED**

February 8, 2016

Lyle W. Cayce
Clerk

SCOTT D. LEMOINE; BEVERLY P. LEMOINE,

> Plaintiffs–Appellants,

v.

ELIZABETH P. WOLFE,

> Defendant–Appellee.

Appeal from the United States District Court
for the Eastern District of Louisiana

Before JONES, SMITH, and OWEN, Circuit Judges.

OWEN, Circuit Judge:

In a prior opinion and order, we certified a question to the Supreme Court of Louisiana pertaining to the bona fide termination prong of the Lemoines' malicious prosecution claim.[1] In light of the explication of Louisiana law in the Louisiana Supreme Court's decision, we conclude that the Lemoines raised a genuine issue of material fact as to whether there was a bona fide termination of the cyberstalking charges against Scott Lemoine. We accordingly reverse the summary judgment granted by the district court and remand for further proceedings.

---

[1] *Lemoine v. Wolfe*, 575 F. App'x 449 (5th Cir. 2014) (per curiam).

No. 13-30178

**I**

We certified the following question to the Louisiana Supreme Court:

> Did the dismissal of Scott Lemoine's criminal cyberstalking prosecution pursuant to Louisiana Code of Criminal Procedure article 691 constitute a bona fide termination in his favor for the purposes of this Louisiana malicious prosecution suit?[2]

The Louisiana court accepted the certification and answered the question as follows:

> A dismissal of a criminal prosecution pursuant to La.C.Cr.P. art. 691 will constitute a bona fide termination in favor of the malicious prosecution plaintiff unless the charge is dismissed pursuant to an agreement of compromise, because of misconduct on the part of the accused or in his behalf for the purpose of preventing trial, out of mercy requested or accepted by the accused, because new proceedings for the same offense have been instituted and have not been terminated favorably to the accused, or when the dismissal is due to the impossibility or impracticality of bringing the accused to trial. Guided by these principles, we leave it for the Fifth Circuit to resolve whether there is sufficient evidence of a factual dispute as to the circumstances surrounding the dismissal of Scott Lemoine's criminal cyberstalking charge to preclude summary judgment on this element of a malicious prosecution cause of action.[3]

The Supreme Court of Louisiana concluded that Louisiana law is consistent with "the rule followed in a majority of jurisdictions and set forth in the American Law Institute's Restatement (Second) of Torts."[4]

In answering the certified question, the Louisiana Supreme Court explained that once a malicious prosecution plaintiff has established that the charges were dismissed, and "if the circumstances surrounding the entering of

---

[2] *Id*. at 463.

[3] *Lemoine v. Wolfe*, 2014-1546 (La. 3/17/15), 168 So. 3d 362, 364.

[4] *Id*. at 370 (citing RESTATEMENT (SECOND) OF TORTS §§ 659-661 (1977)).

2

the *nolle prosequi* are consistent with a conclusion that there was a lack of reasonable grounds for pursuing the criminal prosecution,"[5] then "the burden shift[s] to the defendant to present evidence to the contrary, and 'the issue became one for the trier of fact to decide.'"[6]

The *nolle prosequi* of Lemoine's cyberstalking charge did not provide a reason for the dismissal. But two years after the dismissal and after the Lemoines had filed suit against Judge Wolfe, Wolfe obtained the affidavit of Donald Wall, the assistant district attorney who filed the *nolle prosequi*. That affidavit states that the cyberstalking charge was dismissed because Scott Lemoine was outside Tangipahoa Parish and the District Attorney's policy was not to seek extradition for misdemeanor offenses. Wall further stated in the affidavit that "[h]ad Mr. Lemoine been in Tangipahoa Parish, the District Attorney's office would have moved forward with putting Mr. Lemoine on trial." During the pendency of the charges against Lemoine, his supervised release was revoked by a federal court based on a conviction unrelated to the present case, and Lemoine was confined in a federal medical center from March 2010 until his release on October 12, 2010. The cyberstalking charges were dismissed in September 2010. A *nolle prosequi* based on an extradition policy cannot constitute a bona fide termination because such a dismissal is not indicative of innocence but instead reflects the "impossibility or impracticability" of bringing a defendant to trial.[7]

---

[5] *Id.* at 373 and n.19 (citing *LeBlanc v. Pynes*, 46,393 (La. App. 2 Cir. 7/13/13), 69 So. 3d 1273, 1282).

[6] *Id.* at 373 (quoting *Amos v. Brown*, 36,338 (La. App. 2 Cir. 9/18/02), 828 So. 2d 138, 142).

[7] *Id.* at 364; *accord* RESTATEMENT (SECOND) OF TORTS, *supra*, § 661 & cmt. a ("The rule stated in this Section is most commonly applied when the impossibility of bringing the accused to trial is due to his absence from the jurisdiction. In this case the remedy of extradition may not be available, as when the offense is one that is not extraditable or when for other reasons, extradition is so difficult as to be impracticable.").

No. 13-30178

Wall's affidavit is the only direct evidence in the record that reflects the reason for dismissing Lemoine's cyberstalking charge.  The question is whether there is evidence that nevertheless raises a fact question as to whether the *nolle prosequi* was filed due to Scott Lemoine's absence from the jurisdiction or because there was a lack of reasonable grounds for pursuing the criminal prosecution.  We conclude that, based on the present record, there is at least a modicum of evidence from which a factfinder could conclude that the cyberstalking charge against Lemoine was dismissed due to a lack of reasonable grounds to pursue the charges.

The decision of the Supreme Court of Louisiana notes that under Louisiana law, a prosecutor may commence a new prosecution for the same offense within certain time limits after dismissing a charge.[8]  In the present case, Lemoine returned from federal confinement in October 2010.  The prosecutor could have pursued the cyberstalking charges against him during the five months following his return.  The prosecutor did not do so.  The record is silent as to whether the prosecutor's office was aware of Lemoine's return within the time that charges could have been refiled, but considering the record before us in the light most favorable to the Lemoines, who were the non-moving parties, we will assume that the prosecutor's office was aware of Scott Lemoine's return.

Lemoine contends that because he filed a motion to quash the charge in August 2010, the fact that the charge was dismissed the following month suggests that the *nolle prosequi* may have been motivated by the merits of the motion.  However, this timing alone does not cast doubt on the veracity of the district attorney's affidavit.  The charge against Lemoine for solicitation of murder was also dismissed by *nolle prosequi* in September 2010, one day before

---

[8] *Lemoine*, 168 So. 3d at 374 n.21 (citing LA. CODE CRIM. PROC. ANN. art. 576).

4

the cyberstalking charge was dismissed, and the record does not indicate that it was preceded by a motion to quash. Additionally, the *nolle prosequi* of the solicitation charge stated that the charge was being dismissed because "there is insufficient credible, admissible, reliable evidence" supporting the charge. The Supreme Court of Louisiana noted that this "is precisely the type of averment that evidences a dismissal on grounds consistent with the defendant's innocence."[9] The *nolle prosequi* of the cyberstalking charge, on the other hand, did not state that there was insufficient evidence but stated only: "In accordance with article 691 of the code of criminal procedure, the above numbered and entitled cause is dismissed without cost."[10] The fact that Wall provided this explanation for the dismissal of the solicitation charge in the *nolle prosequi* for that charge but not in the *nolle prosequi* for the cyberstalking charge supports Wall's statement in his affidavit that the cyberstalking prosecution would have continued but for the extradition policy.

But other evidence might support at least an inference that the statements in Wall's affidavit were made to shield Judge Wolfe from civil liability and were not an accurate reflection of Wall's thought process at the time the cyberstalking charge was dismissed. In her deposition, Judge Wolfe testified that she had a conversation with Wall in which they discussed his intent to dismiss the cyberstalking charges. She told him that a federal lawsuit would likely be filed if the charge were dismissed.[11] One view of this evidence and the affidavit that Wall gave two years later in this litigation is that Judge Wolfe's statement about a possible federal lawsuit was an attempt to stop the

---

[9] *Id.* at 374.

[10] *See* LA. CODE CRIM. PROC. art. 691 ("The district attorney has the power, in his discretion, to dismiss an indictment or a count in an indictment, and in order to exercise that power it is not necessary that he obtain consent of the court.").

[11] *See Lemoine*, 168 So. 3d at 374.

district attorney from dismissing the case, but Wall dismissed the cyberstalking charge notwithstanding Judge Wolfe's concerns because of Lemoine's absence from the jurisdiction. However, another view of this evidence is that Wall dismissed the charges against Lemoine due to a lack of evidence that Louisiana law was violated and that the affidavit given two years later was to assist Judge Wolfe in this suit.

A factfinder is entitled to consider the evidence against Lemoine as to the cyberstalking charge. As we noted in our earlier decision and order in this case, there was no evidence that Scott Lemoine made any statements that violated the Louisiana cyberstalking statute.[12]

Because Lemoine has raised a genuine dispute of material fact regarding the bona fide termination prong, we REVERSE the judgment of the district court and remand for further proceedings. We place no limitation on the matters the district court can consider or decide on remand.

---

[12] *Lemoine v. Wolfe*, 575 F. App'x 449, 459 (5th Cir. 2014) (per curiam) ("[I]t is clear that none of [Lemoine's] allegedly harassing statements could satisfy counts of conviction under the [cyberstalking] statute.").